Case 3:22-cv-00192   Document 3   Filed on 06/15/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:22-cv-192

FRED A. DIXON, JR., TDCJ #1465237, PLAINTIFF,

v.

SKYVIEW UNIT, DEFENDANT.

## ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Fred A. Dixon, Jr., is incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). Representing himself, Dixon has filed a handwritten civil-rights complaint under 42 U.S.C. § 1983 against the Skyview Unit. Dkt. 1. Dixon presumably seeks leave to proceed *in forma pauperis*. Having reviewed the pleadings and Dixon's litigation history, the court denies him leave to proceed without prepaying the filing fee and dismisses this case for the reasons explained below.

The Skyview Unit, where Dixon is confined, is in Rusk, Texas, which is in Cherokee County. Cherokee County is in the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1). Because neither Dixon nor the potential

defendants have any connection to the Southern District of Texas, the complaint is not properly filed in Galveston. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. *See* 28 U.S.C. §§ 1404, 1406. A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (citation omitted). The court declines to transfer this case and will dismiss the complaint for lack of venue because Dixon's extensive litigation history reveals that he is an abusive litigant.

This civil action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis. See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Lomax v.*

*Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

Court records confirm that Dixon is a "three-strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See Dixon v. Montford Security*, Civil No. 5:15-CV-00138-C (N.D. Tex. July 1, 2015) (outlining Dixon's extensive record of filing frivolous lawsuits).[1] Dixon's complaint does not demonstrate that he is in imminent danger of serious physical injury. He may not proceed without prepaying the filing fee.

Accordingly, the court **ORDERS** as follows:

1. The implied motion for leave to proceed *in forma pauperis* is **DENIED**.

2. This case is **DISMISSED** for lack of venue. Alternatively, the complaint is dismissed as barred by the three-strikes rule found in 28 U.S.C. § 1915(g).

**The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at**

---

[1] Dixon has been sanctioned previously for abusing judicial resources, and the United States District Court for the Northern District of Texas has barred Dixon from filing any new civil actions without advance written permission.

**Three_Strikes@txs.uscourts.gov.**

Signed on Galveston Island this  15th  day of  June          , 2022.

                                          JEFFREY VINCENT BROWN
                                          UNITED STATES DISTRICT JUDGE